# EXHIBIT B

DAL Verizon
1133205
APR 0 8 2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Aaron Smith,

        Plaintiff,

v.

Collecto, Inc., d/b/a EOS CCA,

        Defendant.

Index No.: 800265/2013

Statement of Service by Mail and
Acknowledgement of Receipt by Mail
of Summons and Complaint

---

A. STATEMENT OF SERVICE BY MAIL

To: Collecto, Inc., d/b/a EOS CCA

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

1

B. ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint in the above-captioned matter at 700 Longwater Drive, Norwell, MA 02061-1624.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. / / I am not in military service.
2. / / I am in military service, and my rank, serial number and branch of service are as follows:

Rank:_____   Serial number:_____

Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____
      (Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

_____ Signature

_____ Print name

_____ Name of Defendant for which acting

_____ Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES BY MAIL.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

| | |
|---|---|
| Aaron Smith, | Index No.: 800265/2013 |
| Plaintiff, | |
| v. | Statement of Service by Mail and Acknowledgement of Receipt by Mail of Summons and Complaint |
| Collecto, Inc., d/b/a EOS CCA, | |
| Defendant. | |

A. STATEMENT OF SERVICE BY MAIL

To: Collecto, Inc., d/b/a EOS CCA

The enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgement part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

1

B. ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT OR SUMMONS AND NOTICE OR NOTICE OF PETITION AND PETITION

I received a summons and complaint in the above-captioned matter at 700 Longwater Drive, Norwell, MA 02061-1624.

PLEASE CHECK ONE OF THE FOLLOWING;
IF 2 IS CHECKED, COMPLETE AS INDICATED:

1. / / I am not in military service.
2. / / I am in military service, and my rank, serial number and branch of service are as follows:

Rank:_____ Serial number:_____

Branch of Service:_____

TO BE COMPLETED REGARDLESS OF MILITARY STATUS:

Date:_____
    (Date this Acknowledgement is executed)

I affirm the above as true under penalty of perjury.

_____ Signature

_____ Print name

_____ Name of Defendant for which acting

_____ Position with Defendant for which acting (i.e., officer, attorney, etc.)

PLEASE COMPLETE ALL BLANKS INCLUDING DATES BY MAIL.

2

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF** ERIE

-------------------------------------------------------x

Aaron Smith,

                              Plaintiff(s)/Petitioner(s),         Index No. 800265/2013

                    - against -

Collecto, Inc., d/b/a EOS CCA,

                              Defendant(s)/Respondent(s).

-------------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

## Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. **Within ten days after service of this Notice**, the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: April 3, 2013

Cyrus B. Chubineh (Name)
Law Office of Cyrus B. Chubineh (Firm)
2655 Millersport Hwy. #714 (Address)
Getzville, NY 14068
716-864-0715 (Phone)
716-478-8540 (Fax)
chubineh@yahoo.com (E-Mail)

Attorney(s) for Plaintiff

4/14/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Aaron Smith,

                Plaintiff(s),

-against-

Collecto, Inc., d/b/a EOS CCA,

                Defendant(s).

---

Index No. 800265/2013

**Summons**

Date Index No. Purchased: April 1, 2013

To the above named Defendant(s)

Collecto, Inc. d/b/a EOS CCA
700 Longwater Drive, Norwell, MA 02061-1624

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is residence of plaintiff
which is 7 Lossen Garden Drive, Apartment 2, Cheektowaga, NY 14227

Dated: Getzville, NY

April 1, 2013

                Law Office of Cyrus B. Chubineh

              by /s/ Cyrus B. Chubineh
              Cyrus B. Chubineh, Esq.
            Attorneys for Plaintiff
            Aaron Smith

            2655 Millersport Highway #714
            Getzville, NY 14068

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

Aaron Smith,

        Plaintiff,                       Complaint

v.

Collecto Inc., d/b/a EOS CCA,               Index Number: 800265/2013

        Defendant.

---

## INTRODUCTION

1. Plaintiff Aaron Smith brings this action for statutory damages resulting from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA is a law prohibiting the deceptive and harassing collection of consumer debts.

## PARTIES

2. Plaintiff is a natural person residing in the Town of Cheektowaga, County of Erie, State of New York.

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Collecto Inc., d/b/a EOS CCA (hereinafter "EOS") is a foreign business corporation organized and existing under the laws of the State of Massachusettes.

5. Defendant regularly attempts to collect debts asserted to be due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## JURISDICTION AND VENUE

8. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) which states State and Federal Courts have concurrent jurisdiction over private civil

actions under the FDCPA.

9. This honorable Court possesses jurisdiction over the Defendant pursuant to N.Y. C.P.L.R. § 301 because Defendant does business within the State of New York.

10. Venue is proper in this Court pursuant to N.Y. C.P.L.R. § 503 because Plaintiff is a resident of the County of Erie, State of New York.

## FACTUAL ALLEGATIONS

11. Plaintiff is alleged to have incurred and later defaulted on a debt to Verizon. Said debt will hereinafter be referred to as "the subject debt".

12. The subject debt is an alleged obligation of Plantiff to pay money for transactions primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. On or about March 22, 2013, Plaintiff contacted Defendant by telephone (hereinafter "Call 1") in response to a missed call made by Defendant to Plaintiff earlier that day.

14. Defendant directly conveyed information regarding the subject debt during Call 1 and it is therefore a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

15. During Call 1, Plaintiff spoke with a female identifying herself as Camille, an employee of Defendant.

16. During Call 1, Camille failed to identify herself as a debt collector.

17. During Call 1, Camille stated the original creditor would soon report the subject debt to Plaintiff's credit report if he did not agree to a payment arrangement.

18. During Call 1, Camille deceptively stated if the subject debt were reported to Plaintiff's credit report, it would impact Plaintiff's credit report with the same effect of a car repossession.

19. Upon information and belief, the inclusion of the subject debt on Plaintiff's credit report would have a much smaller impact than the presence of a car repossession on Plaintiff's credit report.

20. During Call 1, Plaintiff spoke with a female identifying herself as Erica, a supervisor for Defendant.

21. During Call 1, Erica failed to identify herself as a debt collector.

22. During Call 1, Erica deceptively stated if Plaintiff settled the subject debt with a different collection agency in the future, the subject debt would be reported on Plaintiff's credit report for seven to ten years.

23. The subject debt can remain on Plaintiff's credit report only for a maximum of seven years from the date of default.

24. On or about March 23, 2013, Defendant attempted to contact Plaintiff twice by telephone to Plaintiff's cellular phone.

25. Defendant made the first call (hereinafter "Call 2") on March 23, 2013 at or about 10:21 AM Eastern Standard Time.

26. Defendant made the second call (hereinafter "Call 3") on March 23, 2013 at or about 10:25 AM Eastern Standard Time.

27. Upon information and belief, Defendant intended to annoy Plaintiff by making repeated calls within a short time of each other.

28. Defendant calling Plaintiff repeatedly and within a few minutes of each other casued Plaintiff to feel annoyed.

29. On or about March 26, 2013, Plaintiff contacted Defendant by telephone (hereinafter "Call 4") and spoke with a female identifying herself as Adria, an employee of Defendant.

30. Defendant directly conveyed information regarding the subject debt during Call 4 and it is therefore a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. During Call 4, Adria failed to identify herself as a debt collector.

32. During Call 4, Adria stated if Verizon forwards the subject debt to the next collection agency, additional collection fees would be added to the amount due.

33. During Call 4, when questioned by Plaintiff about the amount of the additional fees that would be added to the subject debt, Adria stated she did not know if a future collection agency would add additional fees to the amount due.

## CAUSES OF ACTION

34. The aforementioned acts of the Defendant have violated the FDCPA as follows:

35. Defendant violated 15 U.S.C. § 1692e(11) in Call 1 when two separate employees failed to identify themselves as a debt collector.

36. Defendant violated 15 U.S.C. § 1692e, e(10) and f in Call 1 by deceptively and unfairly stating if the subject debt were reported to Plaintiff's credit report, it would have the same effect of a car repossession.

37. Defendant violated 15 U.S.C. § 1692e, e(10) and f in Call 1 by deceptively and unfairly stating if Plaintiff failed to pay the subject debt with their agency, the subject debt would be reported to Plaintiff's credit report for seven to ten years. If the debt remained unsatisfied, the debt would remain on Plaintiff's credit report for a maximum of seven years from the date of default.

38. Defendant violated 15 U.S.C. § 1692d and d(6) in Call 2 and Call 3 by calling Plaintiff repeatedly within a short time. Defendant intended to annoy Plaintiff through this conduct.

39. Defendant violated 15 U.S.C. § 1692e, e(10) and f in Call 4 by deceptively and unfairly stating additionally fees would be added to the subject debt if Verizon forwarded the account to a different collection agency. Defendant does not know if any additional fees would be added to the subject debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief be granted:

(a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(b) Costs and disbursements of this action, along with reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(c) For any and all additional relief as this Court deems just and proper.

Date: April 1, 2013

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
2655 Millersport Hwy. #714
Getzville, NY 14068
chubineh@yahoo.com
Tel: 716-864-0715
Fax: 716-478-8540

*Attorney for Plaintiff*

**F**



U.S. POSTAGE
**$1.32**
FCM LG ENV
14094
Date of sale
04/03/13
06  2S00
08313710
APC
FC0026800105571

## USPS® FIRST-CLASS MAIL®

0 lb. 2.30 oz.

SHIP TO:

**NORWELL MA 02061-1624**



ZIP

(420) 02061-1624

Collecto, Inc., d/b/a EOS CCA
700 Longwater Drive
Norwell, MA 02061-1624

Law Office of Cyrus B. Chubineh
2655 Millersport Hwy. #714
Getzville, NY 14068